Todd M. Friedman (216752) (Pro Hac Vice Application Forthcoming)
Adrian R. Bacon (280332) (Pro Hac Vice Application Forthcoming)
Law Offices of Todd M. Friedman, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| RICHARD WINTERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., and DOES 1-10 Inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

1. RICHARD WINTERS ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CIRCLE K STORES INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff and the Classes on their cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and its implementing regulations at 47 C.F.R. § 64.1200(c)(2), (d), and (e), by (a) transmitting unsolicited telemarketing text messages to cellular telephone numbers registered on the National Do-Not-Call Registry, and (b) continuing to transmit telemarketing text messages to consumers after they expressly requested that

Defendant stop and Defendant confirmed their opt-out requests, thereby invading their privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> *Id*. at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

**<u>JURISDICTION AND VENUE</u>**

5. This Court has federal question jurisdiction over Plaintiff's TCPA claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States, namely 47 U.S.C. § 227. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

6. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Tempe, Arizona, and because Defendant directed the text messages at issue to Plaintiff in Arizona.

7. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, Plaintiff resides in this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims, namely Plaintiff's receipt of Defendant's unlawful text messages on Plaintiff's cellular telephone, occurred within this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Arizona, residing in Gilbert, Arizona. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Circle K Stores Inc. is a corporation with its principal place of business at 1130 W. Warner Road, Tempe, Arizona 85284. Defendant owns and operates convenience stores and fuel retail locations throughout the United States and operates the "Circle K Inner Circle" loyalty program, which it markets to consumers, including by text message. Defendant's website directs consumers to text "VISIT" to short code 25050 to join the program, and Defendant's publicly posted text messaging terms state that "Circle K Stores Inc. and its affiliates" send "promotional and other text messages, including via an autodialer (i.e., automated dialing technology)" to consumers' mobile telephone numbers. Defendant is, and

at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39), and at all relevant times conducted business in the State of Arizona and within this judicial district, either directly or through its agents.

10. Plaintiff is informed and believes, and thereon alleges, that short code 25050 is operated by or on behalf of Defendant, that the text messages described herein were sent by Defendant or by third parties acting on Defendant's behalf, and that those messages promoted Defendant's products and services. Defendant is directly and/or vicariously liable for those messages.

11. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues them by fictitious names. Plaintiff is informed and believes that each fictitiously named defendant, which may include franchisees, affiliates, marketing vendors, or other entities that operate short code 25050 or transmitted the text messages described herein on Defendant's behalf, is responsible in some manner for the acts and omissions alleged, and that Plaintiff's damages were proximately caused by their conduct. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities once ascertained.

## FACTUAL ALLEGATIONS

12. Plaintiff is the subscriber and regular user of a cellular telephone number ("Plaintiff's Number"), to which the text messages described herein were sent. Plaintiff's Number is Plaintiff's personal cellular telephone, used for residential, non-business purposes, and Plaintiff is a "residential telephone subscriber" within the meaning of 47 C.F.R. § 64.1200(c)(2) and (d).

13. Plaintiff's Number has been registered on the National Do-Not-Call Registry since 2018, including at all times relevant to this Complaint and well in excess of the thirty-one (31) days prior to Defendant's text messages described below, a fact Defendant knew or, in the exercise of reasonable telemarketing

compliance practices, should have known and scrubbed against prior to transmitting its telemarketing text messages.

14. Plaintiff has never signed up for Defendant's Inner Circle program, has never entered Plaintiff's Number at a Circle K register or fuel pump, and has never accepted any terms and conditions governing Defendant's Inner Circle program or text messaging program. Plaintiff never provided Defendant with prior express invitation or permission, written or otherwise, to send telemarketing text messages to Plaintiff's Number, and never resubscribed after the opt-out described below.

15. On Sunday, April 5, 2026, at approximately 4:46 p.m., Defendant transmitted a text message to Plaintiff's Number from short code 25050, stating: "Welcome to Circle K! Reply YES to subscribe and receive special offers, updates, and more. Txt HELP4Info, STOP2End. Msg&Data rates may apply."

16. The foregoing message, and each of the messages described below, was sent for the purpose of encouraging the purchase of, or investment in, property, goods, or services, namely by inviting Plaintiff to join Defendant's Inner Circle loyalty program and "receive special offers, updates, and more" from Defendant, a program through which Defendant offers fuel discounts and rewards on purchases at its stores. Each message was therefore a "telephone solicitation" and a message for "telemarketing" purposes. 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(13), (15).

17. On April 5, 2026, at approximately 10:19 p.m., Plaintiff replied "Stop" to Defendant's short code, clearly and unambiguously revoking any consent and requesting that Defendant cease all further communications.

18. Shortly thereafter on the same date, Defendant's system transmitted an automated confirmation message to Plaintiff, stating: "Circle K: You've been unsubscribed from all texts on 25050 & will no longer receive text msgs. Txt

YES to resubscribe. Q's? Txt HELP. Msg&Data rates may apply," thereby acknowledging receipt of Plaintiff's opt-out request and confirming that Plaintiff's request had been recorded.

19. Defendant's own publicly posted text messaging terms state: "You can unsubscribe from the Program by texting 'STOP' to the Program short code (currently 25050) or as a reply to a Program text you receive." Plaintiff did exactly that.

20. Despite Plaintiff's request and Defendant's own confirmation, Defendant continued to transmit text messages to Plaintiff's Number from short code 25050, each stating, "Welcome to Circle K! Reply YES to subscribe and receive special offers, updates, and more. Txt HELP4Info, STOP2End. Msg&Data rates may apply," including, without limitation, on the following dates:

a. On at least three separate days in April 2026, at approximately 8:12 p.m., 10:28 p.m., and 7:46 p.m., respectively;
b. Wednesday, April 29, 2026, at approximately 5:25 p.m. (two messages) and 8:56 p.m. (one message);
c. Saturday, May 2, 2026, at approximately 3:12 p.m.;
d. Wednesday, May 6, 2026, at approximately 11:29 a.m.;
e. Saturday, May 9, 2026, at approximately 8:23 p.m.;
f. Wednesday, May 13, 2026, at approximately 5:26 p.m.;
g. Sunday, May 17, 2026, at approximately 3:26 p.m.; and
h. On at least one later date, at approximately 1:28 p.m. (two messages).

21. In total, Defendant transmitted at least thirteen (13) text messages to Plaintiff's Number after Plaintiff's April 5, 2026 opt-out request and Defendant's confirmation of it, continuing for at least six weeks, far longer than the reasonable

period allowed to honor a do-not-call request under 47 C.F.R. § 64.1200(d)(3). At no time after revoking consent on April 5, 2026 did Plaintiff give Defendant permission to resume sending text messages to Plaintiff's Number.

22. The messages were identical form messages containing standardized instructions such as "Txt HELP4Info, STOP2End," demonstrating that they were transmitted as part of a recurring, automated telemarketing campaign directed at consumers generally, and not as isolated, individually composed communications to Plaintiff.

23. Even if Defendant could claim an established business relationship with Plaintiff, Plaintiff's April 5, 2026 "Stop" request terminated any such relationship for purposes of telemarketing. 47 C.F.R. § 64.1200(f)(5).

24. Plaintiff received more than one telephone call or text message within a 12-month period by or on behalf of Defendant in violation of the regulations prescribed under 47 U.S.C. § 227(c).

25. Defendant's conduct in (a) transmitting telemarketing text messages to Plaintiff's Number without first scrubbing its calling and texting lists against the National Do-Not-Call Registry, and (b) continuing to transmit telemarketing text messages to Plaintiff's Number after confirming Plaintiff's internal opt-out request, demonstrates that Defendant failed to institute and/or follow reasonable practices and procedures to honor do-not-call requests, as required by 47 C.F.R. § 64.1200(c) and (d).

26. Defendant's actions violated 47 C.F.R. § 64.1200(c)(2), which prohibits initiating telephone solicitations, including text messages, to residential telephone subscribers, including wireless subscribers, whose numbers are listed on the National Do-Not-Call Registry, and 47 C.F.R. § 64.1200(d), which requires entities engaged in telemarketing to maintain and honor internal do-not-

call procedures and consumer requests to cease communications. *See also* 47 C.F.R. § 64.1200(e).

27. As a result of the above violations of the TCPA, Plaintiff suffered invasion of privacy, aggravation, annoyance, and loss of use and enjoyment of Plaintiff's cellular telephone, and Defendant is liable to Plaintiff for statutory damages, costs, and injunctive relief.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed Classes (hereafter, "the Classes").

29. Plaintiff represents, and is a member of, the National Do-Not-Call Registry Class (hereinafter "National DNC Class") defined as follows:

> All persons within the United States (a) whose cellular or residential telephone numbers were listed on the National Do-Not-Call Registry for at least thirty-one (31) days, and (b) who received more than one telemarketing call or text message by or on behalf of Defendant promoting Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

30. Plaintiff further represents, and is a member of, the Internal Do-Not-Call Class (hereinafter "Internal DNC Class") defined as follows:

> All persons within the United States who requested that Defendant stop texting or calling them, and who, after requesting Defendant stop contacting them, received more than one telemarketing call or text message by or on behalf of Defendant promoting Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

31. Defendant, its employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes' members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

32. This action seeks only statutory damages and injunctive relief for economic injury on behalf of the Classes. It is not intended to pursue any claim for personal injury or emotional distress. Plaintiff reserves the right to amend the Class definitions or seek additional subclasses as warranted based on discovery and further investigation.

33. The joinder of the Class members is impractical and the disposition of their claims in a class action will provide substantial benefits both to the parties and to the Court. The Classes can be identified through Defendant's records, including but not limited to Defendant's National Do-Not-Call Registry scrub records, internal do-not-call lists, opt-out records, text messaging logs, and customer contact databases, as well as through Defendant's agents' records.

34. Plaintiff and members of the Classes were harmed by Defendant's conduct in at least the following ways: Defendant violated 47 C.F.R. § 64.1200(c)(2) by initiating telemarketing text messages to individuals registered on the National Do-Not-Call Registry, and violated 47 C.F.R. § 64.1200(d) by failing to honor Plaintiff's and Class members' requests to stop receiving telemarketing calls and messages, thereby invading their privacy and violating their statutory rights under the TCPA.

35. There exists a well-defined community of interest in the questions of law and fact affecting the Classes. These common questions of law and fact predominate over questions affecting only individual Class members and include:

a) Whether Defendant, within the four years prior to the filing of this Complaint through the date of class certification, placed telemarketing calls or text messages to individuals whose numbers were registered on the National Do-Not-Call Registry;

b) Whether Defendant, within the four years prior to the filing of this Complaint through the date of class certification, placed more than one telemarketing call or message to individuals who had previously requested not to be contacted;

c) Whether Defendant failed to implement and maintain written procedures, as required by 47 C.F.R. § 64.1200(c) and (d), to honor the National Do-Not-Call Registry and internal do-not-call requests;

d) Whether Defendant failed to honor opt-out requests, including "STOP" requests, within a reasonable time as required by law;

e) Whether Defendant's actions violated the TCPA and related FCC regulations;

f) Whether Plaintiff and Class members are entitled to statutory damages and injunctive relief for Defendant's violations; and

g) Whether Defendant should be enjoined from making further telemarketing calls or messages to consumers who have requested not to be contacted or whose numbers are registered on the National Do-Not-Call Registry.

36. Plaintiff's claims are typical of the claims of the Classes because Plaintiff, like other Class members, received unsolicited telemarketing text messages from Defendant despite his number being registered on the National Do-Not-Call Registry, and continued to receive telemarketing text messages after requesting that Defendant cease contacting him. Plaintiff will fairly and adequately represent and protect the interests of the Classes, as he has no interests antagonistic to those of the Classes.

37. Plaintiff and the members of the Classes have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the

size of the individual members' claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

38. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interests of the Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C); 47 C.F.R. § 64.1200(C)
## ON BEHALF OF THE NATIONAL DNC CLASS

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to violations of 47 U.S.C. § 227(c) and its implementing regulation, 47 C.F.R. § 64.1200(c), by initiating telemarketing text messages to Plaintiff's and the National DNC Class members' telephone numbers, which were registered on the National Do-Not-Call Registry, without their prior express invitation or permission.

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Plaintiff and the National DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

44. Plaintiff and the National DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Second Cause Of Action

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(C); 47 C.F.R. § 64.1200(C) ON BEHALF OF THE NATIONAL DNC CLASS

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2). Defendant's conduct was knowing and/or willful because Defendant, as an entity engaged in telemarketing, was obligated to maintain and consult the National Do-Not-Call Registry prior to initiating telemarketing text messages, and failed to do so.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2), Plaintiff and the National DNC Class members are entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff and the National DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(C); 47 C.F.R. § 64.1200(D) ON BEHALF OF THE INTERNAL DNC CLASS

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to 47 U.S.C. § 227(c) and its implementing regulation, 47 C.F.R. § 64.1200(d), by failing to honor Plaintiff's and the Internal DNC Class members' express requests, confirmed in Plaintiff's case by Defendant's own automated system, to stop sending telemarketing text messages, and by transmitting additional telemarketing text messages after such confirmed opt-outs.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d), Plaintiff and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

52. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(C); 47 C.F.R. § 64.1200(D)**
**ON BEHALF OF THE INTERNAL DNC CLASS**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Defendant's conduct was knowing and/or willful because Defendant received and acknowledged Plaintiff's opt-out request through its own automated confirmation message, and nevertheless transmitted at least thirteen (13) additional telemarketing text messages to Plaintiff over a period of at least six weeks.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d), Plaintiff and the Internal DNC Class members are entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

56. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, on behalf of Plaintiff and the members of the National DNC Class and the Internal DNC Class, as follows:

a. An order certifying the National DNC Class and the Internal DNC Class under Federal Rule of Civil Procedure 23, appointing Plaintiff as representative of both Classes, and appointing Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's conduct violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) and (d);

c. An award to Plaintiff and each member of the Classes of $500 for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B);

d. An award of up to three times the amount of statutory damages, for a total of up to $1,500 per violation, for each violation found to be willful and/or knowing, pursuant to 47 U.S.C. § 227(c)(5);

e. An injunction prohibiting Defendant from engaging in the conduct alleged in the future, including sending telephone solicitations to numbers on the National Do Not Call Registry and continuing to solicit persons who have asked Defendant to stop, pursuant to 47 U.S.C. § 227(c)(5)(A);

f. An award of the costs of suit; and

g. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

///

Respectfully submitted this 7th day of October, 2026.

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff